### E. C. McDaniel et al. *v.* J. M. Allen.

1. WILL. *Construction of. Remainder. Whether contingent or vested. Case in judgment.*

   In 1881 B. died, and by his will left his real estate to his wife for her life, and on her death "to be divided equally among the heirs of my [his] body." In 1882 J., one of the children of B., died. In 1883 the widow of B. died. *Held,* that J. took a vested remainder under the will; that the remainder was limited by the will to the heirs of the body of B. surviving at his death, and not to those surviving at the death of the life tenant.

2. SAME. *Vested remainder. Estate by purchase.*

   And in the case above stated J. took by purchase under the will, the estate granted by the will being different both in character and in subject-matter from what would have passed by descent under the laws of this State.

   64 Miss.—27.

APPEAL from the Chancery Court of Lee County.

HON. BAXTER McFARLAND, Chancellor.

In 1881 one Willoughby Bolen died, testate, leaving a widow, Margaret, and ten children, one of whom was J. H. Bolen, surviving him. The sixth clause of Willoughby Bolen's will was as follows : " I give and bequeath unto my beloved wife, Margaret E. Bolen, the rest and residue of my estate, both real and personal, of any and all description whatever, during the term of her natural life, and upon her death to be divided equally among the heirs of my body." Shortly after the death of the father one of the children died, and in 1882 J. H. Bolen, another child, died without any heirs and without having made any disposition of his property. In 1883 Margaret Bolen, the widow, died. On the petition of J. M. Allen, a creditor of J. H. Bolen, deceased, one Anderson was appointed administrator of his estate. Anderson then filed a petition before the Chancellor to have the interest of J. H. Bolen, deceased, in certain lands covered by the sixth clause in the will of Willoughby Bolen sold, and the proceeds devoted to the payment of J. H. Bolen's debts, he not having left any personal property. The Chancellor ordered that J. H. Bolen's interest, which was adjudged to be a one-ninth interest, in the lands in question be sold. At this sale J. M. Allen became the purchaser. E. C. McDaniel acquired the interest of W. R. Bolen, another of the children of Willoughby Bolen, deceased, and was also made guardian of several of the minor children of Willoughby Bolen.

J. M. Allen filed his bill for partition of the lands. The Chancellor decreed that Allen was entitled to J. H. Bolen's interest in the lands by virtue of his purchase at the sale, under the former decree above referred to, a one-ninth interest in the lands covered by the sixth clause of Willoughby Bolen's will, and ordered a sale and partition of the same. The defendants appealed.

*J. H. Barr*, for the appellants.

1. First, J. M. Allen's title being such as was vested in the estate of J. H. Bolen at his death, and by virtue of the will of Willoughby Bolen, the " heirs " of Willoughby Bolen's " body " did not take by *purchase*, as devisees, a vested remainder after the ter-

mination of the freehold estate in the widow, but they take the re-
versionary interest in the property covered by said sixth clause of
the will by descent, their prior right, and this being so, J. H. Bolen
having died while the freehold estate in said property was in the
widow, and not having either devised or conveyed or otherwise exer-
cised any ownership over any expectant reversionary estate he may
have had in same during his lifetime, and dying unmarried and with-
out children, neither his creditors could subject any interest he had in
said property, prior to his death, to his debts, nor could any one
*inherit* said property *through him,* but the inheritance and right to
said property must be deraigned through the person who died last
seized, who in this case was Willoughby Bolen.

That the heirs referred to in the sixth clause of Willoughby
Bolen's will take by descent, and not as devisees, is sustained by an
*unbroken* line of authorities, and is not changed by the statutes of
this State.

The rule in such cases is this, that whenever the testator devises
an estate to his heir or heirs of his body, either mediately or imme-
diately, in the *same* proportion that they would take by the laws of
descent if there was no will, then said heirs take such estate by
their "prior" right, descent, and not as devisees.   See 4 Kent's
Com. marg. pages 506 and 507 ; Williams on Real Prop. 218 ;
1 Jarman on Wills (Bigelow's 5th ed.) 75; *Harris* v. *McLaran,*
1 G. (Miss.) 533 ; 1 Redfield on Wills, pp. 259 and 260.

2. Even if the "bodily heirs" among whom the residue of the
estate was to be divided at the death of the widow, or freehold
tenant, take by purchase as devisees, under the sixth clause of the
will, yet J. H. Bolen took nothing, as he died before the termination
of the life estate, because the remainder over, being to a class of
persons to take at a time certain, that class must be determined at
the time the division is to be made.   This gives effect to the inten-
tion of the testator, as plainly evidenced by the language of said
sixth clause of the will, and is also the legal construction to be
given same, as shown by the clear weight of authority of the
American courts.   See *Wormack* v. *Smith & Tinsley,* 11 Hum-
phreys 478; *Collin et al.* v. *Collin et al.,* 45 Am. Dec. 421 ;

*Cole* v. *Creyton*, 26 Am. Dec. 209, 210, 211; *Myers* v. *Myers*, 16 Am. Dec. 651.

No counsel for the appellee in this court.

Cooper, C. J., delivered the opinion of the court.

J. H. Bolen took as purchaser under the will of his father, Willoughby Bolen, and not as heir-at-law. As heir-at-law he would have taken an undivided interest with the widow of the testator and the other heirs-at-law. Code of 1880, § 1271. And this would have given him an estate in possession to be presently enjoyed. By the will the widow was given an estate for life in the whole land instead of a portion thereof in fee, and a remainder in the whole was limited to the heirs-at-law. The estate therefore given by the will is different both in character and in the subject-matter than would have passed by descent, and in such cases the heir-at-law takes under the will and not by descent. 4 Kent's Com. 507.

The remainder limited by the testator to his heirs-at-law was vested and not contingent; those who were alive at the death of the testator took the estate and not those only who survived the tenant for life. *King* v. *King*, 1 Watts & Sergt. 205; *Bentley* v. *Long*, 1 Strobh. Eq. 43; *Doe* v. *Provoost*, 4 Johnson 61.

" The law favors vested estates, and no remainder will be construed to be contingent which may, consistently with the intention, be deemed vested." 4 Kent's Com. 203.

The appellee by his purchase at the sale made by the administrator of J. H. Bolen acquired the interest of the intestate in the land and was entitled to partition as prayed. The decree must therefore be                                         *Affirmed.*