JOHN MURDOCH ET AL. v. ANN MURDOCH.

[53 South. 684.]

1. WILLS. *Construction. Life estate.*

> Where the widow of a testator was given by his will the use and management during her life of the decedent's property, with power to sell any of it as she might deem best, subject to a provision that all of it should go at her death to the brother and sister of the testator, the widow acquired a life estate, with power, if she desired, to consume the entire estate.

2. SAME. EXECUTORS. *Appointment. Personal confidence. Power of Court.*

> Where a testator merely reposed a personal confidence in persons, not absolutely made executors, but named to act as co-executors with his widow, and they declined to act or died before acting, the court cannot appoint others to execute the trust confided to them; but the widow can act without being joined by them or either of them.

FROM the chancery court of Claiborne county.

HON. JAMES STOWERS HICKS, Chancellor.

Mrs. Ann Murdoch, appellee, was complainant in the court below; John Murdoch and others, appellees, were defendants there. The complainant sued in her individual right and as well as executrix of the last will and testament of her deceased husband, W. B. Murdoch, and she sought by her suit a construction of the will. From a decree in her favor the defendants appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Catchings & Catchings,* for appellants.

Counsel argued the case fully, citing the following authorities: *Eaton v. Straw,* 18 N. H. 331; 2 Wash. R. P. 320; *Surman v. Surman,* 5 Modd. Ch. 123; *Burwell's Ex'rs v. Anderson,*

Adm., 3 Leigh (V.a.) 348; *Denson v. Mitchell,* 26 Ala. 360; *French v. Hatch,* 28 N. H. 331; *Weeks v. Weeks,* 5 N. H. 326; *Smith v. Bell,* 6 Pet. 68, 8 L. Ed. 322; Cruise, Dig. tit. 38, c. 13, § 5; 1 Roper's Leg. 643; 1 Jarman, Wills (5th ed.) 873; 4 Kent, Comm. 520; *Burleigh v. Clough,* 52 N. H. 267, 13 Am. Rep. 23; *Stuart v. Walker,* 72 Me. 146, 39 Am. Rep. 311; *Copeland v. Barron,* 72 Me. 206; *Chase v. Ladd,* 153 Mass. 126, 26 N. E. 429, 25 Am. St. Rep. 614; *Mansfield v. Shelton,* 67 Conn. 390, 35 Atl. 271, 52 Am. St. Rep. 285; *Lewis v. Palmer,* 46 Conn. 454; *Adams v. Lillibridge,* 73 Conn. 655, 49 Atl. 21; *Peckham v. Leggo,* 57 Conn. 553, 19 Atl. 392, 7 L. R. A. 419, 14 Am. St. Rep. 130; *Hull v. Holloway,* 58 Conn. 218, 20 Atl. 445; *Glover v. Stillson,* 56 Conn. 316, 15 Atl. 752; *Kent v. Morrison,* 153 Mass. 137, 26 N. E. 427, 10 L. R. A. 756, 25 Am. St. Rep. 616; *Thompson v. Thompson,* 107 Ala. 163, 18 South. 247; *Brunson v. Martin,* 152 Ind. 111, 118, 119, 52 N. E. 599, 601; *Spooner v. Phillips,* 62 Conn. 62, 24 Atl. 524; *New Haven v. Sheffield Scientific School,* 59 Conn. 163, 22 Atl. 156; *Austin v. Hyndman,* 119 Mich. 615, 78 N. W. 664; *McCray v. Lipp,* 35 Ind. 120; *Cross v. Hock,* 149 Mo. 325, 50 S. W. 786; *Anderson v. Hensley,* 8 Heisk. (Tenn.) 834; *Lieneau v. Summerfield,* 41 N. J. Eq. 381, 4 Atl. 660; Brockley's Appeal (Pa.) 4 Atl. 210; *Mulvane v. Rude,* 146 Ind. 476, 45 N. E. 659; *Taylor v. Bell,* 158 Pa. 651, 28 Atl. 208, 38 Am. St. Rep. 857; *Tuerk v. Schueler,* 71 N. J. Law, 331, 60 Atl. 357; *Wiley v. Gregory,* 135 Ind. 657, 35 N. E. 507; *Jackson v. Robins,* 16 Johns. (N. Y.) 537; *Wooster v. Cooper,* 53 N. J. Eq. 682, 33 Atl. 1050; *Funk v. Eggleston,* 92 Ill. 515, 34 Am. Rep. 136; *Welsh, Adm'r, v. Woodbury, Adm'r,* 144 Mass. 542, 11 N. E. 762; *In re Foster's Will,* 76 Iowa, 364, 41 N. W. 43; *Greve v. Camery,* 69 Iowa, 220, 28 N. W. 564; *Melton v. Camp,* 121 Ga. 693, 49 S. E. 690; *Brant v. Va. C. & I. Co.,* 93 U. S. 327, 23 L. Ed. 927; *Giles v. Little,* 104 U. S. 291, 26 L. Ed.

745; *Roberts v. Lewis,* 153 U. S. 367, 14 Sup. Ct. 945, 38 L. Ed. 747; *Redman v. Barger,* 118 Mo. 568, 24 S. W. 177; *Kimbrough . v. Smith,* 128 Ga. 690, 58 S. E. 23; *Tuthill v. Davis,* 121 App. Div. 290, 105 N. Y. Supp. 672; *Underwood v. Cove,* 176 Mo. 1, 75 S. W. 451; *Semper v. Coates,* 93 Minn. 76, 100 N. W. 662; *Fiske v. Fiske's Heirs,* 26 R. I. 509, 59 Atl. 740; *McGuire v. Gallager,* 99 Me. 334, 59 Atl. 445; *Steiff v. Seibert,* 128 Iowa, 746, 105 N. W. 328, 6 L. R. A. (N. S.) 1186; *Welsh v. Gist,* 101 Md. 606, 61 Atl. 665; *Grace v. Perry,* 197 Mo. 550, 95 S. W. 875; *Worden v. Perry,* 197 Mo. 569, 95 S. W. 880; *Adams v. Massey,* 184 N. Y. 62, 76 N. E. 916; *Wallace v. Bozarth,* 223 Ill. 339, 79 N. E. 57; *Broach v. Kitchens,* 23 Ga. 515; *Shreve v. Shreve,* 43 Md. 382; *Bradshaw v. Butler* (Ky.), 110 S. W. 421; *McCormick v. McCormick* (Ky.), 121 S. W. 450; *Vannerson v. Culbertson,* 10 Smedes & M. 150; *Rail v. Dotson,* 14 Smedes & M. 182; *Anderson v. Brumfield,* 32 Miss. 111; *Dean v. Nunnally,* 36 Miss. 358; *Edwards v. Gibbs,* 39 Miss. 167; *Tatum v. McLellan,* 50 Miss. 5; *Robertson v. Hardy's Adm'r* (Va.), 23 S. E. 766; *Pillow v. Rye,* 31 Tenn. 186; *Downing v. Johnson,* 45 Tenn. 230; *McGavock v. Pugsley,* 59 Tenn. 690; *Emert v. Blair* (Tenn.), 118 S. W. 685; *Terry v. Wiggins,* 47 N. Y. 512; *Sneer v. Stutz,* 93 Iowa, 62, 61 N. W. 399; *Clarke v. Boorman's Ex'rs,* 18 Wall. 493, 21 L. Ed. 904; *Baker v. Richardson* (Miss.), 50 South. 447; Page on Wills, 672, 825.

*Tim E. Cooper,* for appellee.

Counsel argued the case fully, citing the following authorities: *Wells v. Doane,* 3 Gray, 201; *Bolman v. Lohman,* 79 Ala. 63; *Weathers v. Patterson,* 30 Ala. 404; *Flinn v. Davis,* 18 Ala. 132; *Barford v. Street,* 16 Vesey, 135; *Irwin v. Farrer,* 19 Vesey, 86; *Daniel v. Dudley,* 1 Phil. Eng. Chan. 1; *Holloway . Clarkson,* 2 Hare, 621; *Page v. Soper,* 21 Eng. L. and Eq.

499; *Ide v. Ide,* 5 Mass. 500; *Morris v. Phaler,* 1 Watts, 389; *King v. King,* 12 Ohio, 390, 474; *Sheets v. Wetsel,* 39 Ill. App. 600; *Perry v. Merritt,* 1 L. R. Eq. Cas. 152; *Ross v. Ross,* 1 Jack. & W. 154; *Hale v. Marsh,* 100 Mass. 468; *Stevens v. Winship,* 1 Pick. 318; *Larner v. Bridge,* 17 Pick. 339; *Harris v. Knapp,* 21 Pick. 412; *Gleason v. Fayerwether,* 4 Gray, 348; *Brant v. Gelston,* 2 John. Ch. Cas. 384; *Ramsdell v. Ramsdell,* 21 Me. 288; *Adams v. Massey,* 184 N. Y. 62; *Roseboom v. Roseboom,* 81 N. Y. 356; *Van Nostrand v. Moon,* 52 N. Y. 12, 20; *Trustees v. Kellogg,* 16 N. Y. 83, 88; *Banzer v. Banzer,* 156 N. Y. 429; *Goodwin v. Coddinglon,* 154 N. Y. 283; *Watson v. Blackwood,* 50 Miss. 15; 2 Jarman on Wills, 314; 1 Underhill on Wills, §§ 356–370.

Mayes, C. J., delivered the opinion of the court.

W. B. Murdoch died leaving the following will, viz.:

"This is my last will and testament.

"1st. I leave to my wife Annie A. Murdoch, the entire use and management of all my property, both real and personal during her life. At her death it all goes to my living brother and sisters, or their heirs.

"2d. No inventory of my estate is to be taken.

"3d. My wife has perfect right to sell any of it as may be for the best.

"I ask that my friend James M. Gillespie, of Tensas parish, La., and my cousin John W. Bristol, of New Haven, Connecticut, act as coexecutors with my wife and befriend and aid her in her business, they give no bond, nor is it necessary for them to qualify as executors in any court, simply by furnishing a certified copy of this will, the signature of either of them with the signature of my wife, is all that is necessary to sell or transfer any of the property, as they may deem best.

"5th. No account is to be kept of the disposition or manage-

ment of my property, my wife to have full use, and manage it the best she can, with the advice of the two coexecutors and at her death what is left goes to my brother and sisters or their heirs.

"6th. I leave with this a letter to certain friends and relatives asking them to befriend my wife the balance of her life."

The will was duly probated, but James M. Gillespie died without having qualified as executor, and John W. Bristol refused to act. The only one named as executor who did act was Mrs. Murdoch. Subsequently, and some time in February, 1908, Mrs. Murdoch filed a bill in the chancery court of Claiborne county, seeking a construction of the will. All proper parties were made defendants, and no question arises as to this. Mrs. Murdoch alleges in the bill that by reason of misfortune her personal estate has become so involved that the income is devoted to the payment of her debts, and that it would require several years before her debts could be paid, and that she therefore desires to exercise the right given her by the will, and sell certain stocks, bonds, and real estate belonging to the estate, for the purpose of using the proceeds thereof as her own. She further alleges that the defendants deny her right to do this, and claim that by the will they are entitled, after the death of complainant, to the real and personal estate, and that she has no right to sell any of it, and that on account of this assertion of claim by them a cloud, doubt, or suspicion is cast upon her estate, and prevents her from making a sale thereof. She further alleges that the will of her husband provides that she may convert the estate, real and personal, to her own use and benefit, but that the claims asserted by defendants preclude her from doing this. The bill also claims that, under the terms of the will, the complainant is the owner in fee of all the estate, real and personal, and that the claim of the defendants to any interest in the estate should be annulled, and they should be pro-

hibited from asserting same. The bill further prays for an order authorizing and permitting her to sell any of the property, free from any claim, right, or title on the part of any of the defendants.

The defendants answered, denying all the material allegations, and denying the right of the complainant to convert the estate, real or personal, for her own use and benefit. The defendants assert that the only estate which the complainant has is an estate for life, without power of disposing of the corpus for her own use, and that she has no right to sell any of the property free from claim, right, or title on the part of the defendants. The cause was heard on bill and answer, and the decree of the chancellor declared Mrs. Annie A. Murdoch to be the owner in fee of all the estate of her deceased husband, wherever situated, and further declared that she had full and unlimited power of disposition of the estate; that she might sell at public or private sale, and make conveyance and assignment thereof to the purchaser, or purchasers, free of any claim on the part of the defendants. From this judgment an appeal is prosecuted.

Counsel for appellee confesses that the decree is wrong so far as it applies to the real estate involved, and should be reversed. In the light of the will, we are unable to see why the decree is not wrong as to the whole of the property, both real and personal. That Mr. Murdoch intended that the remainder of his estate, both real and personal, if there should be any after the death of his wife, should go to his brothers and sisters, or their heirs, thus giving to his wife a life estate only, is as plain as language can make it. All that was left to Mrs. Murdoch by this will was a life estate. None of the powers given her or her coexecutors converted the estate, as to any of the property, into a fee simple. The main and dominant purpose of the will was to give the entire use of all the property to the wife during her life, even if it resulted in an entire consumption of the estate. No power

conferred upon the executors is inconsistent with any purpose of the will. No absolute and fixed estate was left to the brothers and sisters. No limit is placed on the right of the wife to consume the estate for her own use. She may use it, a part of it, or all of it, and only "what is left" goes to his brother and sisters. That this interpretation is correct is apparent, we think, on the face of the will. In the first clause of the will it gives "the use and management" of all the property, real and personal, to the testator's wife "during her life," and in the fifth clause it is again stated that the wife is to have "the full use" of the property, and at her death only "what is left" goes to the brothers and sisters or their heirs.

Mr. Gillespie and Mr. Bristol were not made absolutely coexecutors of the will. They were merely requested to act as such, and, if they failed or refused, the powers under the will were confided to the wife alone, and could be exercised by her. Any other view would result in defeating the whole purpose of the will. If Gillespie and Bristol, or either of them, had undertaken the trust, no conveyance could have been made by Mrs. Murdoch of any of the property without the signature of one of them; but neither of them qualified, and, since the confidence reposed in these two coexecutors was personal, no court could have appointed another to carry out the power confided to these two friends by the testator. When they failed to assume the duties, Mrs. Murdoch was untrammeled in the disposition of the property, save by her own discretion. The testator reposed confidence in his wife, and believed that she would not waste the estate, and would make conveyance of same only when necessary; but the absolute dominion over the property was left with the wife. If she consumed it, there was no power resting anywhere to prevent, after the co-executors refused to act. The will expressly provides that no inventory shall be taken of the estate. It provides that the wife has the right to sell any of it

as may be for the best, and she is the sole judge of that. It further provides that no account is to be kept of the disposition or management of the property—"my wife to have full use, and manage it the best she can, with the advice of the two coexecutors." All that the testator leaves to his brothers and sisters is "what is left of the property" after the death of Mrs. Murdoch. Mrs. Murdoch does not take the property in fee, but she did take it with full authority to consume the whole estate, if she so desired, and without the power of anybody to put a stop to it.

We think the decree of the chancellor was incorrect in holding that Mrs. Murdoch took a fee, either in the realty or the personalty. The authorities are so well collected in brief of counsel that we direct that same be set out in the report of the case.

*Reversed and remanded.*

