PALMER *v.* RIGGS *et al.*

(In Banc. Nov. 27, 1944. Suggestion of Error Overruled Dec. 22, 1944.)

[19 So. (2d) 807. No. 35714.]

Brown & Jarvis, of Fulton, and **W. L. Elledge**, of Washington, D. C., for appellants.

James **A. Finley**, of Tupelo, for appellee.

258

**Alexander, J.,** delivered the opinion of the court.

This suit was begun as a bill for partition of certain homestead lands in Itawamba County and for accounting of mesne rents and profits. The parties include the heirs-at-law of their deceased father, J. P. Riggs, the complainants being Mrs. M. N. Palmer and W. D. Riggs, and the defendants J. R. Riggs, J. E. Riggs and the latter's wife, Mrs. E. E. Riggs. Defendants filed answer with a cross-bill alleging the execution by J. P. Riggs of deeds to J. R. Riggs and J. E. Riggs respectively for separate portions of the lands. The chancellor upheld the deeds as valid and restricted the issues to this point.

By agreement of counsel the following pertinent facts appear: J. P. Riggs was owner of said lands at the time of his death intestate in 1921. His widow continued to live on the lands and died intestate in 1927. Both the purported deeds of J. P. Riggs to his sons are dated November 7, 1914, and filed for record December 6, 1919. They were executed by J. P. Riggs and wife, and are practically identical except as to the property described therein, and both contain the following recitals: "Know all men by these presents that we J. P. Riggs, and wife E. F. Riggs, for and in consideration of the natural love and affection we have for and do bear toward our son, J. E. Riggs, we hereby grant, bargain, sell and convey and warrant to him and to his heirs and assigns forever, with the exception hereinafter stated the following described land situated in Itawamba County, Mississippi, . . . . It is herby agreed and understood by and between the grantors, J. P. Riggs and his wife E. F. Riggs, and the

grantee J. E. Riggs, that this deed of conveyance is not to be delivered, or so considered delivered during the natural life of the said J. P. Riggs, and his wife E. F. Riggs, but the death of both of said grantors, shall constitute a full and complete delivery of this deed of conveyance, to said grantee, and the above described land shall immediately vest in fee simple in the said J. E. Riggs.''

The narrow issue thus presented is whether the two instruments are valid deeds of conveyance or whether being testamentary in character and effect they passed no present interests to grantees.

It is elemental that a valid conveyance presupposes a complete delivery. This does not mean a mere manual possession of the document of conveyance but transfer as by livery of seizin which constitutes a deliberate present investiture of title. Such purpose if expressed in the instrument is of course effected by manual delivery. We must therefore look to the terms of the instruments to find the rights of both the grantor and the grantees. There was ample words of conveyance which would have constituted a valid deed to a present interest but for the grantors reservation ''with the exceptions hereinafter stated.'' These exceptions are those above quoted. The grantor signed the instrument with the express limitation that it not only was not to be delivered during his life but was not to be considered (from any subsequent circumstance) to have been so delivered. If this language were not enough to preclude delivery during his life, he added that the death of both himself and his wife should constitute a full and complete delivery, and that the land thereupon ''shall immediately vest in fee simple in the said'' grantee.

The above language places the case squarely within the rule announced in Gaston v. Mitchell, 192 Miss. 452, 4 So. (2d) 892, 6 So. (2d) 318, where prior cases are collated. The instruments are therefore clearly testamentary in character and purpose and are ineffective as deeds.

Their validity as deeds being the only issue here thus disposes of the case except for the appellees' contention that regardless of the grantors' original intention, the instruments were effectively delivered by the widow upon her death bed. The following testimony of the wife of J. R. Riggs is adduced to support the contention: ''On Saturday before she (Mrs. J. P. Riggs) died on Monday, she called me to her bedside and told me to hand her her little satchel or purse—she called it—and to hand it to her and I handed it to her and she opened it and took out her keys and handed to me, and she said, ''Onie, there is some deeds there in my trunk that me and Pa—that is my Father,—have made to Gillie and Jim to this place —we want Jim and Gillie to have and I can't be here long and when I pass away I want you to turn these Deeds over to them, will you do that. And I said, 'sure' ''.

Without digressing to consider the competency of the testimony or its efficacy as a delivery or escrow, it is enough to say that the instrument was deliberately drawn to exclude the possibility of either a delivery or of any act which could be considered as such during the life of either J. P. Riggs or his wife. The widow was without power to amend the intention and purpose of the legal owner, her husband, who had predeceased her.

The decree adjudging the instruments valid deeds will be reversed, but because of the reservation of incidental issues the cause will be remanded.

Reversed and remanded.