PALMER, et al. *v.* RIGGS, et al.

In Banc. May 8, 1950.

No. 37499 (46 So. (2d) 86)

Brown & Elledge, for appellants.

Cunningham & Cunningham, for appellees.

**Hall, J.**

This is a suit between the heirs at law of J. P. Riggs, deceased, and his wife, Mrs. E. F. Riggs, deceased, wherein the original complainants sought a partition sale of certain lands alleged to have been owned by J. P. Riggs at the time of his death and a division of the proceeds of such sale. The defendants to the suit filed an answer and a cross-bill denying that J. P. Riggs owned the

land in controversy at the time of his death and alleging that he had conveyed the same to two of his sons, who were defendants, by two separate deeds which were exhibited to the cross-bill, and they prayed for a cancellation of complainants' claims as clouds upon their title. The answer to the cross-bill denied that the two instruments were effective as deeds but the chancellor sustained the prayer of the cross-bill and adjudicated the instruments to be valid deeds. Upon appeal to this court we held that the instruments are ineffective as deeds and reversed the decree of the lower court and remanded the cause thereto for further proceedings. Palmer v. Riggs, 197 Miss. 256, 19 So. (2d) 807.

Upon remand an amended cross-bill was filed alleging that the two instruments, taken together, constituted the last will and testament of the said J. P. Riggs and Mrs. E. F. Riggs and prayed that they be admitted to probate in solemn form as such, and that the complainants and cross-defendants be adjudged to have no right, title or interest in any of the lands. Answer to the amended cross-bill denied that the instruments were validly effective as a will, and upon the hearing the chancellor adjudicated them to be a will whereby J. P. Riggs devised to his wife a life estate and to his sons the remainder interest in the respective lands which he had undertaken to convey to the sons. This appeal is from that decree.

The two instruments are identical except as to description of the land and name of the grantee or beneficiary, and each recites: "Know all men by these presents, that we, J. P. Riggs and wife E. F. Riggs, for and in consideration of the natural love and affection we have for and do bear toward our son (naming him) we hereby grant, bargain and sell and convey and warrant to him and to his heirs and assigns forever, with the exceptions hereinafter stated, the following described land situated in Itawamba County, Mississippi, viz.: . . . It is hereby understood by and between the grantors J. P. Riggs and

his wife Mrs. E. F. Riggs, and the grantee (naming him) that this deed of conveyance is not to be delivered or so considered delivered during the natural life of the said J. P. Riggs and his said wife, E. F. Riggs, but that the death of both of said grantors shall constitute a full and complete delivery of this deed of conveyance to said grantee, and the above described land shall immediately vest in fee simple in the said'' grantee, naming him.

J. P. Riggs owned the land in controversy and died in 1921. According to the record in the former appeal his wife died in 1927, but according to the record on this appeal she died in 1928. There is testimony in both records that two days before the death of Mrs. E. F. Riggs she called her daughter-in-law to her bedside and gave her the keys to a trunk and told her that the deeds were in the trunk and requested her to deliver them to the grantees therein named and this was done. It was stated in the former opinion herein that the instruments were deliberately drawn to exclude the possibility of either a delivery or of any act which could be considered as such during the life of either J. P. Riggs or his wife, and that the widow was without power to amend the intention and purpose of the legal owner, her husband, who had predeceased her, and we still adhere to that statement. The net result is that when J. P. Riggs died in 1921 these instruments were not subject to probate as his last will and testament; they could not be delivered to the grantees or to the chancery court for probate until after the death of Mrs. Riggs, which event occurred about seven years later. During that period of time the instruments remained ambulatory under the definition of that word as a legal term; they did not take effect until seven years after the death of J. P. Riggs and under these circumstances the instruments, under the great weight of authority in this country are not valid as a will, because ■■ any instrument, to be valid as a will, must take effect at the maker's death.

In 57 Am. Jur., Wills, Sec. 15, p. 50, it is said: "A will may be compared to an undelivered deed or power of attorney, which contains an expression of a purpose which has not yet gone into effect, but on the death of the maker it ceases to be ambulatory, acquires a fixed status, and operates as a transfer of title. An instrument to be good as a will must take effect at the maker's death. A statute which confers the right to dispose of property by will does not confer power to dispose of property by an instrument intended to remain suspended and in abeyance for a period of time after the testator's death. Such an instrument is something unknown in ancient or modern law and is not a will. Although there is some authority to the contrary, the better view is that a will executed by two testators, which, by its terms, is not to take effect until the death of both testators, is invalid and cannot be probated as the will of either signer."

And in the same volume, Section 683, p. 462, it is further said:

"It is essential to the validity of a will jointly executed by two or more testators that the will be effective upon the death of one of the testators so far as it relates to the property of that one. The policy of the law is generally against the validity of a joint will executed on the condition expressed in it that it is not to be effective as a will, or is not to be probated, until the death of the testator last surviving. Such a will cannot be probated as the will of either testator. Whether the operation of the will is postponed until the death of the survivor in express terms or by necessary implication is immaterial; in either case the will is void and should be refused probate altogether."

1 Page on Wills, Lifetime Edition, Sec. 90, is substantially to the same effect: "An instrument which is so drawn that it cannot take effect until after the death of the party who executes it is not, in the absence of statute, a valid will. An instrument of this sort is usually

a will executed by two or more testators in which they have treated their property as a joint fund and have worded the instrument so that it cannot take effect until the death of the survivor. Such an instrument had no legal effect.''

In the case of Epperson v. White, 156 Tenn. 155, 299 S. W. 812, 815, 57 A. L. R. 601, the court said: ''So far as we are aware, a will has always been treated as an instrument efficient at the death of the testator. When the statute, therefore, conferred the right to dispose of property by will, it conferred the right to dispose of property by an instrument taking effect at testator's death. The statute did not confer power to dispose of property by an instrument to remain suspended and in abeyance for an indefinite period of time after a testator's death. Such an instrument was something unknown, is still unknown, and is not a will.''

In an annotation in 169 A. L. R. p. 18, it is said: ''It is essential to the validity of a will jointly executed by two or more testators that the will be effective upon the death of one of the testators so far as it relates to the property of that one. The policy of the law is generally against the validity of a joint will executed on the condition expressed in it that it is not to be effective as a will, or is not to be probated, until the death of the testator last surviving. Such a will cannot be probated as the will of either testator.'' Following this statement the annotation deals with some cases where jointly executed wills were admitted to probate as the will of the one who dies first, but those cases are different on the facts from the situation with which we are here dealing and are of no aid in solving the question here presented.

Since by the very terms of the instruments under consideration they were not subject to delivery until after the death of the survivor, and since as it worked out in this case the survivor lived for about seven years after the death of the first testator, the instruments were not subject to delivery to the court for probate during

that seven year period but remained suspended and in abeyance and ineffective. We are therefore of the opinion that ▓▓ the instruments are not validly effective as a will and that the decree admitting them to probate as such must be reversed.

It should be particularly noted that we are not here dealing with the ordinary type of will executed by two or more persons such as may frequently be found in our decisions, and which is subject to probate upon the death of the first testator as his last will and testament. The instruments here under consideration expressly exclude the power to deliver them up for probate upon the death of the first testator.

The decree of the lower court is accordingly reversed and the cause is remanded for hearing on the other features of the suit not herein decided.

Reversed and remanded.