285 So.2d 901 (1973)
Leonora E. LANE et al.
v.
WOODLAND HILLS BAPTIST CHURCH.
No. 47292.
Supreme Court of Mississippi.
December 3, 1973.
Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellants.
Thompson, Alexander & Crews, Jackson, for appellee.
INZER, Justice:
This is an appeal by Leonora Lane et al. from a decree of the Chancery Court of the First Judicial District of Hinds County wherein that court refused to admit to probate a holographic will executed by Mrs. Beulah S. Rogers on December 20, 1968. We reverse and remand.
On September 3, 1963, Julius P. Rogers and Beulah S. Rogers executed a joint last will and testament reading as follows:
Be it known that we, Julius P. Rogers and Beulah S. Rogers, husband and wife, and resident citizens of Hinds County, Mississippi, being over the age of 21 *902 years and of sound and disposing mind and memory do hereby make, declare and publish this one true Joint Last Will and Testament, specifically revoking all previous wills.
1. On the death of one of us, the survivor shall become the full owner of all interest of the one dying in real and personal property, wheresoever situated, with full power in the survivor to own and control the same, and full power to sell and transfer any part of the said property, real, personal or mixed, and to convey good title to any of the property conveyed, and to be transferred and conveyed for any reason deemed good by the said survivor.
2. At the death of the survivor, the property not therefore disposed of by the survivor shall be and become the property of Woodland Hills Baptist Church, Old Canton Road, Jackson, Mississippi.
3. The survivor shall be Executor or Executrix, and is to serve without bond, and without making report or account to any court in any state.
This our true Joint Last Will and Testament executed by both of us this September 3, 1963, by signing our names to this instrument and declaring at the time of signing to be our Joint Last Will and Testament; and so signed and declared in the presence of H.O. Thompson and S.L. Stringer who are requested by both of us to sign this instrument as subscribing witness thereto this Tuesday, September 3, 1963.
 /s/ Julius P. Rogers
 (J.P. Rogers)
 /s/ Beulah S. Rogers
 Witness:
 /s/ H.O. Thompson
 /s/ S.L. Stringer
Julius P. Rogers departed this life on March 14, 1968, and the joint will was probated in the Chancery Court of the First Judicial District of Hinds County as his last will and testament. His estate was administered, and a final decree was entered in that cause.
On December 20, 1968, Mrs. Beulah S. Rogers executed the following instrument:
December the 20th My Will 1968
Lamps on east corner table Hazel  Lamp on South corner table in pink Lenora Lane Lamp by couch (green couch) Eunice Lane Lamp with Baby faces (Wilma Harris) (Chair small Victorian) Pink rose Phylis Harris. 2 Large Victorian chairs  Jim & Eunice Lane Pictures Jim and Eunice Lane [Certain words erased]  Bird pictures Jenny Linn  Jim & Eunice Lane) Tables  Southern Bell picture and table by window and lamp  Lenora Lane living room furniture  Lamp by couch  green couch living room table with leather top and printed gold around the edge  and my home to Jim an (sic) Eunice Lane Coffie (sic) table edged with goldprint and my Home to Jim & Eunice Lane with all other things.
 /s/ Beulah S. Rogers
 /s/ H.O. Thompson
 /s/ Daisy C. Thompson
After the death of Mrs. Rogers, Leonora Lane and others filed a petition for probate of the instrument executed by Mrs. Rogers in solemn form as her true last will and testament. The Woodland Hills Baptist Church was made a party defendant to the petition. The petition prayed that on final hearing, the will of Mrs. Beulah S. Rogers executed on December 20, 1968, be admitted to probate as her true last will and testament, thereby revoking the joint will executed on September 3, 1963.
The Woodland Hills Baptist Church answered the petition and admitted on information and belief that prior to her death, Beulah S. Rogers executed the instrument dated December 20, 1968, but it did not *903 know whether the instrument constituted the valid last will and testament of Mrs. Rogers and asked the court to determine that question before admitting the will to probate. Additionally, the church filed a cross bill asking the court to determine whether the instrument dated December 20, 1968, constituted the valid last will and testament of Mrs. Rogers and in the event the court so found, to construe and interpret said instrument in order to determine whether it had the effect of revoking in whole or in part the joint will executed on September 3, 1963. The cross bill also prayed that if the court found that the instrument executed on December 20, 1968, did not constitute the valid last will and testament of Mrs. Rogers, then the court should determine that said instrument did not have the legal effect of revoking the aforesaid joint will and admit the joint will to probate as the true last will and testament of Mrs. Rogers. The cross bill further prayed that the court determine whether the home constituted any part of the estate of Mrs. Rogers and to enter an order adjudicating that the property owned by Mr. Rogers at the time of his death does not constitute any part of the estate of Mrs. Rogers.
Petitioners answered the cross bill stating that it sought no relief requiring an answer and that the matters raised therein were not pertinent until the issue relative to probate of the last will of Mrs. Rogers was determined.
After a hearing, the chancellor found: (1) the will of Mrs. Beulah S. Rogers executed on December 20, 1968, was wholly in the handwriting of Mrs. Rogers, except for the signatures of the subscribing witnesses, who were not present when the will was written and subscribed, (2) when she wrote and signed the same, she was over the age of 21 years and of sound mind, and (3) the said instrument was written and signed in conformity with the requirements of law governing the preparation and execution of holographic wills. However, the court held that the holographic will did not constitute the valid last will and testament of Mrs. Rogers and was not entitled to probate. This holding was based in part on the stipulation made during the course of the trial and upon a finding that Mrs. Rogers could not, under the law, revoke the joint will she had executed with her husband. A decree was entered refusing to admit the holographic will to probate and authorizing the church to present the joint will for probate. Hence, this appeal.
The first question to be determined in whether the chancellor was in error in holding that Mrs. Rogers could not by a valid, subsequent will revoke her part of the joint will executed with her husband on September 3, 1963. The chancellor based his holding in this regard on our holding in Monroe v. Holloman, 185 So.2d 443 (Miss. 1966). However, the instrument involved in that case was more than a will, it was also a contract. It contained the following provisions:
"It is understood that we hereby mutually agree and contract for the disposition of the estate of us, either of us, it being our expressed intention that the survivor of us shall receive all of our estate without limitations upon his or her use, enjoy, or dispose of the same; however, it further being our expressed intention that whatever of the estate remains after the death of both of us shall pass to our respective families, one-half to each family, as hereinabove provided under Item III * * *."
(185 So.2d at 447)
We concluded from the evidence and the entire will that the instrument was a mutual and reciprocal will and contractual in nature. Thus, the survivor was estopped to repudiate the agreement.
It is well settled in this state that a joint will constitutes the separate will of each executing it. On the death of each, it may be probated as a will, and its legal effect *904 is separate and distinct  not joint. The declared intentions of each of the testators affect only his own property or his share in joint property. Hill v. Godwin, 120 Miss. 83, 81 So. 790 (1919) and McClelland v. Bank of Clarksdale, 238 Miss. 557, 119 So.2d 262 (1960). In Hill, supra, this Court stated:
While two or more persons may jointly execute a single testamentary document, sometimes spoken of as a joint, double, mutual, or reciprocal will, it is well settled in America that this document constitutes the valid separate will of each of those executing it, and that on the death of each it may be probated as a will. This rule is fully and clearly stated in volume 1, Commentaries on Wills, Alexander, section 69, pages 83 and 84, as follows:
"In many decisions it will be found that testamentary dispositions are referred to as joint or mutual or reciprocal wills; this, however, is incorrect, for no matter what the form of the will may be, and although two or more persons may jointly execute a single testamentary document, the instrument is the separate will of each testator, and its legal effect is separate and distinct, and not joint. In this regard there cannot be a joint will. Two or more persons can undoubtedly make separate wills in favor of each other or of some third party; but there is no legal objection to making the same dispositions by one document. The law does not hold it to be a single will because all the makers have subscribed the same instrument, or have declared it to be their last will and testament in the presence of the same witnesses and at the same time, but views it as the separate act of each. After the death of the one first dying, the instrument may be offered and proved for probate as his will, and the signatures, declarations, and acts of the others, although they may be admitted in evidence as part of the res gestae, may be regarded as surplusage in so far as proving the will of the one deceased is concerned. The same testamentary document may thereafter, in the event it has not been revoked by a survivor, be admitted to probate as his will. The property disposed of may be joint or separate, but the declared intentions of each testator affect only his own property or his share in joint property."
(120 Miss. at 89, 90, 81 So. at 791).
If the will here involved constitutes anything more than a joint will, it must be gleaned from the will itself, since there is no evidence in the record to show any agreement or contract. After a careful study of the will executed by Mr. and Mrs. Rogers, we are of the opinion that it is nothing more than a joint will which under the law serves as the separate will of each of the parties. When Mr. Rogers died, this joint will was probated as his will. Whatever property he owned passed under this will and it cannot now be revoked. Since it was a separate will of each of the parties, Mrs. Rogers was free to make another will. This she did by executing the holographic will on December 20, 1968. The chancellor correctly found that the instrument was a valid will but was in error in holding that Mrs. Rogers could not revoke the joint will.
Appellee points out that the court also based its finding on the stipulation entered into by counsel and contends if this stipulation was effective, the appellants are precluded from contending on this appeal that the holographic will revoked the joint will. The only thing in the record in this regard is the following:
BY MR. MONTGOMERY:
May we stipulate that the only issue in this case is whether or not this last will conflicts with the original joint will executed by Mrs. Rogers and her husband, and that that is the only issue in the case?

*905 BY MR. CREWS:
Judge, I couldn't conscientiously stipulate in those words, but I think that what you intend to say I can agree to. I can stipulate that as understood by the defendant the issue in this case is whether or not, assuming this instrument dated December 20, 1968, was validily executed as a will under the laws of Mississippi  assuming that, which we do not plan to controvert in this proceeding, then the issue remains  the issue which remains is whether or not that document legally constitutes a last will and testament in view of the prior joint will and in view of the existence of the prior joint will. And as part of the stipulation I would like the record also to show that in the opening remarks of counsel for the complainants he acknowledged and in a sense admitted that a joint will cannot be revoked after the death of the first testator by a subsequent will, and that this case  at least this hearing  was tried on the basis of that assertion. I have no objection except that.
BY MR. MONTGOMERY:
We agree to that. Now if the Court please, I'd like to call Mr. James T. Harris. (R. 111, 112)
Counsel for appellants states in his brief that he thought the stipulation applied only to the will of Mr. Rogers, and he was stipulating that it could not be revoked by a subsequent will executed by Mrs. Rogers. If the stipulation is to be given its full import, it would amount to a surrender of the rights of the appellants and for all practical purposes would deny them the relief they sought in court. Furthermore, it would be a stipulation as to the matter of law or a legal conclusion. While an attorney may bind his client by stipulation or admission of facts during the course of the trial, an attorney has no implied or apparent authority to bind his client by stipulation or admissions as to matters of law or legal conclusions. Neither his client nor the court is bound by such stipulations. Neither does he have the implied or apparent authority, to surrender or conclude substantial legal rights of the client, unless such admission or stipulation is a proper step in the accomplishment of the purpose for which he is employed. 7 C.J.S. Attorney and Client § 100b; 7 Am.Jur.2d, Attorneys at Law § 121. We are of the opinion that neither the appellants nor the court was bound by the foregoing stipulation.
There are many other matters discussed in brief of counsel relative to the property Mr. Rogers owned at the time of his death and what property now passes to the church under his will. However, these are questions yet to be determined by the trial court.
We hold that the appellants were entitled to have the holographic will executed by Mrs. Beulah S. Rogers on December 20, 1968, admitted to probate as her last will and testament and to a determination by the court as to the extent this will conflicts with her former will jointly executed with her husband.
For the reasons stated, the decree of the trial court is reversed, and upon remand a decree will be entered admitting the holographic will executed by Mrs. Beulah S. Rogers on December 20, 1968, to probate in solemn form as her true last will and testament. The court will then determine whether this will had the effect of revoking in whole or in part her former will jointly executed with her husband and also determine all other issues now raised by the pleadings or may be raised hereafter by proper pleadings.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, WALKER and BROOM, JJ., concur.