Statement of the case.

C. C. MARTIN ET AL. *v.* A. G. B. MARTIN ET AL.

1. WILL. *Bequest of money for life. Security for remainder-man.*
   The general rule is, that a bequest of money to one for life, with remainder
   to another, is a bequest of the interest on the money; and, upon show-
   ing made that the fund will be wasted, security may be required of the
   legatee for life. But an intention of the testator to pass the bequest
   itself to the life-legatee, and to require no security for the protection of
   the remainder-man, will relieve the bequest from the operation of the
   general rule as to security.

2. SAME. *Intent of testator. Security. Case.*
   Where a man of fortune, in disposing by will of all his property, gives for
   the support of his wife a home and certain personal effects of compara-
   tively small value, and $5,000 in money, "to be paid her within sixty
   days" after his death, with a proviso that she shall "retain" the prop-
   erty to her sole use during life or widowhood—at her marriage or death
   the same to revert to his children, the wife is entitled to the money and
   cannot be required by the remainder-men to give security, though it is
   alleged that she is insolvent, and that her habits are such that it is al-
   most certain she will squander the fund.

FROM the chancery court of Copiah county.
HON. H. C. CONN, Chancellor.

On the 21st day of June, 1891, B. F. Martin, a resident of
Copiah county, departed this life, leaving surviving him a
widow and eight children. Before his death he executed a
will, disposing of his entire estate, which consisted of con-
siderable property, real and personal. He gave to his wife,
Eleanor J. Martin, his residence, embracing about 240 acres
of land, and all his furniture, and, in addition thereto, the
following personal property: "All my stock-cattle, cows,
calves etc. (not including oxen); all my stock-hogs, my dark
iron-gray mule, named Jane; a good horse and buggy, to be
provided for her by my executors hereinafter named, within
sixty days after my decease; and also $5,000 in money, to be

paid to her by my executors, hereinafter named, within sixty days after my decease.   To have and to hold the same to her for life, provided she shall not marry any one else.   In case the said Eleanor Jane shall marry any one, then all the property hereby devised to her shall revert to my sons and daughters.   Should she remain unmarried, she shall retain the said property to her sole use and benefit during her life, and at her death the same shall revert to my children."

On the 27th day of July, 1891, six of the children filed the bill in this case against the widow and executors, setting forth the above facts, and charging, upon information and belief, that the executors under the will were laboring under a mistaken impression as to its meaning, and were about to pay over to the said widow said $5,000 for her absolute use, without requiring of her any security for the preservation of the fund.

The bill contains this additional allegation:   " Complainants further charge that, aside from the bequest contained in said will, the said Eleanor Jane Martin is insolvent, and her habits are such as to render it almost certain that, if said fund should be paid over to her without requiring any security for its preservation, the same will be spent and squandered."

From a decree sustaining a demurrer and dismissing the bill, complainants appeal.

The opinion contains a further statement of the case.

*J. S. Sexton* and *Willing & Ramsey*, for appellants.

In no event did Mrs. Martin take any higher estate in the money than that of its use during life or widowhood.

At most, this was a gift of the interest only on the $5,000. Where the use of money is given, the gift is of the interest only, and security must be given, or a trustee appointed, of whom a bond would be required.   Lawson's Rights, Rem. & Prac., § 3236.   The recent case of *Whitmore* v. *Russell*, 6 Am. St. Rep., 250, is directly in point.

The general rule is, in such case, that the legatee must

give some reasonable security to preserve the fund for the remainder-man.   *Field* v. *Hitchcock*, 28 Am. Dec., 288.

In all cases of a gift of personal property for life, security should be required where there is real danger that the property may be wasted or removed.   *German* v. *German*, 67 Am. Dec.

*R. N. Miller*, for appellees.

It is admitted that if Mrs. Martin only took a life-estate in the money, and, if there was danger that it would be wasted, she might be required to give security.   It is further admitted that a bequest of money, with remainder over, gives only the interest.   But a testator may create a life-estate in the money and relieve the bequest of the operation of the general rule as to security.   *Morgan* v. *Morgan*, 7 Eng. L. & Eq. Rep., 216; *Hindes* v. *Hindes*, 3 Hare, Eng. Ch. Rep., 609; Jarman on Wills, p. 204 *et seq.; Morgan* v. *Morgan*, 14 Bevan, 82.

The case at bar is simply one of construction.   The language of the will clearly indicates that the testator intended that his wife should enjoy the $5,000 in specie.   This is indicated by the language, "to be paid to her by my executors within sixty days after my decease;" and by the further provision that she shall "*retain* said property for life to her sole use," if she does not marry.   The testator, in effect, made his wife the trustee for the remainder-man, without bond, and it is not questioned that he had the right to do this.

The testator being a man of large means, it is impossible to conclude from his will that he intended to give only the income on $5,000 to his wife.   He knew what her financial condition was, and what her habits were, as well as these complainants did when they filed this bill to thwart his purposes a few weeks after his death.   If the bequest is to be construed as appellants claim, the widow would be entitled to a much larger interest in the testator's estate by renouncing the will.

Argued orally by *R. N. Miller*, for appellees.

WOODS, J., delivered the opinion of the court.

There is no dispute between counsel for the respective parties as to the law governing gifts or bequests of personal property or money, with remainder over. It is agreed perfectly that a bequest of money for life to one, with remainder over to another, is a bequest of the interest derivable from the money, and that the legatee for life, upon proper showing made that the bequest will be wasted and lost, may be required to give security for the protection of the remainderman's interests. But it is further asserted by counsel for appellees that any intention of the testator to pass the bequest itself to the legatee for life, and to require no security from such legatee for the protection of the remainder-man's interest will make such bequest exceptional, and relieve it from the operation of the general rule agreed upon by counsel, as above stated; and this assertion of the limitation on, or modification of, the general doctrine is altogether correct. We have, then, a pure question of testamentary construction, stripped of entangling legal controversy. Does the bequest to the testator's wife fall within the exceptional class of cases? Was it the intention of the testator to have the $5,000 paid over, in specie, to the widow? Was it his design to permit her to use this bequest without giving security for its absolute preservation? We have no hesitation in answering all these questions affirmatively.

1. The executors are directed *to pay* $5,000 *in money to the widow* within sixty days after the death of the testator.

2. The will declares that *the widow shall retain* the property devised to her to her sole use and benefit during her life, if she shall remain unmarried.

3. The bequest of $5,000 in money is the principal provision made for the support and maintenance of the widow by the will of her husband—a man of fortune, as plainly appears from the will itself.

We are clearly of opinion that the bequest of $5,000 in money is to be paid to the widow without security from her.

This view of the case conclusively determines the pending controversy, and we are not required to go further. We are not to be understood as making any intimation of opinion touching any supposed superior estate in the personal property and money bequeathed to the widow. In any aspect, she must receive the $5,000 without security, and this is the extent of the present determination.

The decree of the chancery court is in accordance with these views, and it is, therefore,

*Affirmed.*