## Rives et al. v. Burrage et al.

[70 South. 893.]

1. Wills. *Construction. Estate conveyed. Intent of testator.' Life estate. Rights of remaindermen.*

The cardinal rule of construing a will and the dominant purpose of courts should ever be to discover the testators' intentions and when it is discovered, it should be given effect.

2. Wills. *Construction. Estates conveyed. Life estate.*

Under a testator's will which gave his wife all his property for her natural life, with remainder to his children, and provided by a codicil that at his death she shall hold and enjoy all his property, not for life merely, but absolutely as her own property, with full power to dispose thereof and further providing that property as to which she should not exercise the power should go to her children in remainder. In such case the wife took merely a life estate in the property she did not consume or otherwise dispose of during her life, the codicil being added merely for making clear the power of his wife to convey an indefeasible title to the property should she think it advisable to dispose of it during her life.

3. Wills. *Estate created. Right of remaindermen.*

Where a testator left his property to his wife for life with full power of disposition during her life, she could not defeat the right of the remaindermen by selling the devised property and investing the proceeds in other property, whether intentionally or through misinterpretation of the will.

APPEAL from the chancery court of Copiah County.

Hon. P. Z. Jones, Chancellor.

Bill by H. W. Rives executor and others against F. D. Burrage and others. From a decree for defendants on demurrer, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*W. H. Rives, R. H, & J. H. Thompson* and *R. N. Miller,* for appellants.

*McNeil & Loeb,* for appellees.

Cook, P. J., delivered the opinion of the court.

Appellants, the executor and surviving children of R. G. Rives, deceased, filed their bill in chancery in the chan-

cery court of Copiah county, in 1913, for the purpose of securing possession of certain real and personal estate and choses in action which they claimed under the will of R. G. Rives, which was duly probated in Noxubee county, the county in which he resided at the time of his death. Appellee, F. D. Burrage, claimed the property under a will executed by Mrs. Amanda Rives, widow of R. G. Rives, shortly before her death in Copiah county, and shortly thereafter offered for probate by F. D. Burrage, who was named as sole devisee and executor without bond. In their bill appellants set out the will of R. G. Rives, under which they claim, and their rights depend upon the construction of that will. Appellees entered demurrer to the bill, which was sustained by the chancellor, and leave was given for an appeal that the principles involved might be settled. On the part of appellants it is claimed that, under the will of R. G. Rives, his widow, Amanda, took a life estate, with a power of disposal during her life, with remainder to certain named children, to whom was devised whatever might remain of the property undisposed of at her death. The contention of appellees was that the power of disposal given by the will converted the life estate into a fee, with which the attempted devise in remainder was inconsistent, and that the latter should be disregarded. A further contention was that, if the will should be so construed as to have vested only a life estate in the widow, Amanda, she could, by changing the form of investment during her life, take the proceeds in fee, thereby converting the life into a fee simple subject to her disposal by will, to take effect after her death. The original will of R. G. Rives was executed on the 11th day of March, 1891, and contained the following provision with reference to his wife, Amanda F. Rives:

"I desire she should take, for her natural life, all of such property and effects as I may own at my death, whether exempt from execution under the law, or not.

this to include not only all property of every kind, but. all money, claims and choses in action of every kind. I wish her to use and enjoy all of the same as her own for her natural life, knowing that she will permit and encourage any and all of my unmarried children to enjoy the homestead and other property and effects with her, she controlling same as the mother and they rendering her due respect and obedience as children; and knowing also she will pay out of my effects such other debts as I may owe as far as she can do so without reducing such effects to less than six thousand dollars in value; but a life policy taken out by me for her benefit is not to be considered as any part of my effects as far as my creditors are concerned. I will and desire that, at the death of my wife, all my property of every kind and all my effects of every kind shall go to my children in equal parts, share and share alike, the heirs of my deceased children to take his or her share.''

Amanda F. Rives and the two sons of the testator, Henry W. and Joel E. Rives, were nominated executors, to qualify without bond or security, and they were empowered to sell any property of the estate, publicly or privately, for cash or on time as they might think best. By a codicil dated September 13, 1892, the son, J. E. Rives, was given all of the law books and all office furniture, on condition that he should finish up all cases and business in which he and the testator were engaged as partners at the time of the death of the testator, and account for and pay over to the executors the testator's part of the fees in the same manner and to the same extent that the testator would have been entitled if living. On the 1st day of August, 1894, shortly before the death of R. G. Rives, he executed another codicil containing the following provision:

''At my death I wish my wife, Amanda F. Rives, to hold and enjoy not for her life merely, but absolutely as her own property, subject only to the provisions herein-

after stated, all of my property, real and personal, in-cluding all my homestead and other exempt property and all choses in action, rights, credits and equities, as fully and completely as if she had lawfully and right-fully purchased the same and held it as an innocent pur-chaser for value without notice. But while this is in-tended to give her the full right to hold, sell, give away or otherwise dispose of any or all of such property, so that the same shall vest absolutely and without limitations in the taker under her, yet, if as to any of such properties she shall not exercise such rights of disposition to take effect during her life, then such property shall at her death inure to the benefit of any descendants in the follow-ing manner, to wit. . . . .''

Then follows the devise in remainder to his children, Lucy, Agnes, and Robert one-fifth interest; and to Henry and Joel E. each one-fifth, in trust for their respective de-cendants, to be held and used as they might, respectively, deem advisable for the beneficiaries.

If we take the clause in the original will alone, it seems clear that the devisor only intended that his wife should take a life estate in the property devised, with power to use and enjoy it if necessary. This codicil, we think, was added merely for making clear the power of his wife to convey an indefeasible title to the property should she think it advisable to dispose of it during her life. If we are to look to the will as a whole to discover the purpose and intention of the testator, we find but little difficulty in the way of a satisfactory conclusion. It is evident that Mr. Rives had perfect confidence in the judgment and justice of his wife; he wanted her to take control of all his property and use and enjoy it during her life even to the extent of consuming the entire estate. If she did not use or dispose of any part of the estate before she died, the part undisposed of would go to his children. This will is essentially the same as the will construed by this court in *Murdoch* v. *Murdoch*, 97 Miss. 690, 53 So. 684. Speak-ing for the court in the *Murdoch Case,* Mayes, C. J., used

the following language which we think fits exactly in the
instant case:

"The testator reposed confidence in his wife, and be-
lieved that she would not waste the estate, and would.
make conveyance of same only when necessary; but the
absolute dominion over the property was left, with the
wife. If she consumed it, there was no power resting any--
where to prevent, after the coexecutors refused to act..
The will expressly provides that no inventory shall be
taken of the estate. It provides that the wife has the
right to sell any of it as may be for the best, and she is.
the sole judge of that. It further provides that no account
is to be kept of the disposition or management of the prop--
erty—'my wife to have full use, and manage it the best.
she can, with the advice of the two co-executors.' All.
that the testator leaves to his brothers and sisters    is.
'what is left of the property' after the death of Mrs. Mur-
doch. Mrs. Murdoch does not take the property in fee,.
but she did take it with full authority to consume the
whole estate, if she so desired, and without the power of.
anybody to put a stop to it."

Construing a will very like the will in the present case,.
this court said:

"Taking the will by its four corners and construing it.
as a whole, it is clear that the testator did not mean to
vest his wife with power to dispose of the property by
will, but that what he did mean is simply this: That.
his wife should have the use and enjoyment of the prop-
erty during her lifetime, with full power to mortgage·
or sell it, and that in event it, or any portion thereof,.
should not be sold by her, it should be divided after her·
death . . . among his children." *Hannah L. Selig·
v. William Trost et al.,* 70 So. 699.

In the case just quoted the court said further:

"If it were permissible to construe the two clauses of
it separately, and by so doing to hold the first to be a.
devise in fee, the limitation over contained in the second
clause would be valid as an executory devise."

This expression of the court is peculiarly applicable to the will under review, and whether it can be properly called an executory devise is doubtful, but nevertheless the cardinal rule of construction and the dominant purpose of courts should ever be to discover the testator's intention, and, when it is discovered, it should be given effect.

We think it must be said that the testator in the present case reposed a trust and confidence in his wife, and gave to her the power to dispose of any of his property to take effect during her life; and we are quite satisfied that her estate in the property was a life estate only.

The bill alleges that Mrs. Rives sold some of the property and reinvested the proceeds in other property; and the remaindermen ask the court to vest the title of that property in them. What we think about this will we have set forth above, and we do not think the widow could defeat the will of her husband by resorting to the device of selling the property devised and putting the proceeds in other property. A mere change of form will not have the effect of defeating the manifest intention of the testator to give his children what was left after his wife's death. If Mrs. Rives sold any of the property for cash and invested the money in other property for the purpose of defeating the intention of her husband and robbing his children, or through a misinterpretation of the will, neither the one nor the other can destroy the rights of the children. If this could be done the wife could have nullified the will by converting into cash the entire estate within a month after her husband's death and investing the money in real estate. The wife could not will the property devised, nor can she will other property which she bought with the proceeds of sales of property in which she had only a life estate, and which she did not consume or otherwise dispose of during her life.

The demurrer should have been overruled.

*Reversed and remanded.*