HILL ET AL. *v.* GODWIN ET AL.

[75 South. 122, Division A.]

LIFE ESTATES. *Right of life tenant to bequest. Requiring security.*

Where a husband and wife make a joint will providing that at the death of either, the survivor is to have all the property of the other for life, on the death of the wife the husband is entitled to the bequest without giving security for the protection of their children's interest although the husband is giving away and squandering the property.

APPEAL from the chancery court of Tippah county.

HON. J. G. McGOWEN, Chancellor.

Bill by Elisha Godwin and others against Sam Hill and others. From a judgment for plaintiffs, defendants appeal.

Appellees were complainants in the court below, and appellants were defendants. The bill alleged that complainants were the children and grandchildren of Mrs. Jane Hill, deceased, by a former marriage to one J. A. Godwin, and that defendant Sam Hill was the surviving husband of said Jane Hill, and that the other children were the children and grandchildren of said Sam Hill and Jane Hill; that said Jane Hill died testate leaving her surviving husband, Sam Hill, all her property, both real and personal, for life or until he should marry, with remainder to her heirs, share and share alike, and that a large part of her property was personalty, and that said Sam Hill was proceeding to give away same and waste it, so that complainants' rights to the share in the remainder of their mother's estate was endangered. The prayer of the bill was that the defendants be compelled to account for the property coming into the possession of Sam Hill under the will of his wife, and that the other defendants be compelled to pay into court any money which they may have received out of the estate of Jane Hill, and that the court proceed to

divide the estate among the heirs of Jane Hill or compel Sam Hill to give bond to protect their interests. The court in construing the will of Jane Hill found that Sam Hill took the property of his deceased wife for life with the remainder over to her heirs and required said Sam Hill to give bond to protect the interest of the heirs of his wife.

The will under construction is as follows:

"Will of Sam and Jane Hill.

"April 5th, 1905."

"We, Sam'l and Jane Hill of the county of Tippah and the state of Mississippi being of sound mind and knowing the uncertainty of life and that death is liable to occur at any time make this our last will and testament, and we give and bequeath all our property both real and personal at our death as follows, the survivor of either of us to have and to hold all the property as long as they live unmarried and should they marry then the property to be divided between all our heirs, the survivor to have equal part with all the other heirs, and at our death if neither should marry again our property and effects of all descriptions to be equal divided between all our heirs.    [Signed] SAM HILL.

"JANE HILL."

"Witness: W. F. GODWIN.

"MOLLIE LEE GODWIN."

*Spight & Street* and *C. Lee Crum,* for appellants.

*Thos. E. Pegram,* for appellees.

SMITH, C. J., delivered the opinion of the court.

This cause is ruled by *Martin* v. *Martin,* 69 Miss. 315, 13 So. 267, from which it follows that the court below should not have required security of appellant Sam Hill; and, since that fact must determine the present controversy, the decree of the court below is reversed, and the bill dismissed.

*Reversed and dismissed.*