RIFE *et al. v.* RIFE *et al.*

(Division A. June 10, 1929.)

[122 So. 739. No. 27929.]

*I. L. Dorroh,* of Macon, and *Magruder, Walker & Magruder,* of Starkville, for appellants.

*A. J. McIntyre,* of West Point, for appellees.

Cook, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Noxubee county, construing the last will and testament of W. E. Rife, deceased.

The clauses of the will of said W. E. Rife, deceased, about which this controversy revolves, and which we are called upon to construe, are items 3 and 4 thereof, which read as follows:

"Item 3. It is my will and desire that as soon as all just debts and expenses are paid that all of my property remaining undisposed of, including real estate, personal property, choses in action and money be divided equally among my eight children and my wife to-wit: E. W. Rife, Stella. Rife, Cora Rife Petty, L. E. Rife, Mattie Goodwin Rife, Willese Rife, De Witt Talmadge Rife, Annette Rife, and Mrs. C. P. Rife.

"Item 4. It is my will and desire that the part and parcel of the property herein devised to E. W. Rife, Stella Rife, Cora Rife Petty, L. E. Rife, Mattie Goodwin Rife; Willese Rife, De Witt Talmadge Rife and Annette Rife shall be retained by them for and during their natural life with remainder to their children should they marry and have legal heirs, but should they die without marrying then said remainder interest to go to such of my children as may survive them."

The decree of the court construing the will is divided into five sections or items, reading as follows:

"First. The court adjudicates and construes item 3 and item 4 of such will, taken together, as constituting a devise and bequest to testator's wife, Mrs. C. P. Rife, of

an undivided one-ninth interest in his estate and property in fee simple.

"Second. The court adjudicates and construes said item 3 and item 4, taken together, as constituting a device and bequest to testator's eight children, E. W. Rife, Stella Rife, Cora Rife Petty, L. E. Rife, Mattie Goodwin Rife, Willese Rife, De Witt Talmadge Rife, and Annette Rife, of an undivided one-ninth interest each in testator's estate and property for and during their natural lives, respectively, with remainder to their children respectively in being on the date of testator's death, October 4th, A. D. 1924, or born to them respectively thereafter, such class not being fully determined until the death of such life tenants.

"Third. The court adjudicates and construes the devise and bequest of said will to L. E. Rife under item 3 and item 4 of said will as constituting a lapsed legacy, upon his death, the same having been before the death of said testator, and the court further construes and adjudicates said item 3 and item 4 of said will as vesting *per stirpes* such lapsed legacy in testator's heirs at law under the statutes of descent and distribution in fee simple on the date of his death, October 4th, A. D. 1924.

"Fourth. The court adjudicates and construes item 3 and item 4 of said will as contemplating and requiring payment and distribution by said administratrices c. t. a. of all funds, assets, and personal property belonging to testator's estate and bequeathed under the terms and conditions of said will, to testator's wife, Mrs. C. P. Rife, and to his children, E. W. Rife, Stella Rife, Cora Rife Petty, Willese Rife, and De Witt Talmadge Rife, and to the children of Mattie Goodwin Rife, deceased, taking their mother's share, and to the children of Annette Rife, deceased, taking their mother's share, and such distribution shall be made by said administratrices without bond or security for the protection of the remaindermen under

the terms, provisions and conditions of said will, and without the intervention of any trustee for such assets, it being the opinion of the court and now adjudicated accordingly that said will does not constitute a trust, either expressed or implied, for the benefit and protection of such remaindermen, but that said will contemplates and requires that all personal assets of such estate, subject to administration, shall be paid over and distributed to the life tenants thereof respectively and without any accountability, responsibility or liability on the part of said administratrices to the remaindermen under item 4 of said will, but the court does not herein hold or adjudicate that the remaindermen, in proper proceedings, should the necessity arise, cannot protect their interests as against the life tenants.

"Fifth. The court adjudicates and construes the provisions of said will and testament taken as a whole to create no trust, stipulation, or provision for the protection and benefit of said remaindermen, but that settlement with the life tenants under item 4 thereof shall constitute a full and complete acquittance and release of said administratrices as against such remaindermen; and the shares accruing to all adults shall be paid to such adults in due course, and the shares of all minors shall be paid to the guardian or guardians of such minors."

As to the construction and adjudication of the respective estates of the several devisees and legatees under the will, as the same appear in section 1, 2, and 3 of the decree of the court below, there is no complaint on this appeal, and therefore we express no opinion as to the correctness thereof, and will limit our discussion and decision to the questions raised and argued by counsel.

The contentions of counsel for the appellant, as stated and argued by them are, first, that the court erred in construing and adjudicating that items 3 and 4 of said will contemplate and require payment of all funds, as-

sets, and personal property of said estate to the various legatees specified in section 4 of the court's decree, without bond or security or trust of any kind for the protection of the remaindermen under the terms, provisions, and conditions of said will, after the court had decided and decreed that the items of said will constitute a devise and bequest to the legatees therein for and during their natural lives only, with remainder to their children; and, second, the court erred in adjudicating and decreeing to the various remaindermen designated and enumerated in its decree the title in fee in the personal funds and assets of the estate, subject to the life estate specified therein, without any security or protection, whatever for the benefit of the remaindermen, and for the protection of the administratrices of said estate in the distribution of such funds.

The question presented by the appellant's assignment of errors is one purely of testamentary construction. As was held in the case of *Martin* v. *Martin*, 69 Miss. 315, 13 So. 267, the general rule is that a bequest of money for life, with remainder over to another, is a bequest of the interest derivable from the money, and upon a proper showing made that the bequest will be wasted and lost, the legatee for life may be required to give security for the protection of the remainderman's interest. But an intention of the testator to pass the bequest itself to the legatee for life, and to require no security from such legatee for the protection of the remainderman's interest, will make such bequest exceptional and relieve it from the operation of the general rule.

By the will which was involved in the *Martin case, supra,* the testator bequeathed certain personal property and five thousand dollars in money to his widow, to have, hold, and retain for her sole use and benefit during her life or widowhood, with remainder at her marriage or death to his children. Before the payment of this be-

quest to the legatee the remaindermen, children of the testator, filed a bill against the widow and the executors, charging that the executors under the will were about to pay over to the widow the five thousand dollars, without requiring of her any security for the funds, and that she was insolvent, and her habits were such as to render it almost certain that if the fund should be paid over to her without requiring any security for its preservation, it would be spent and squandered. Having in view the fact that the testator was a man of fortune, and that the bequest of money was the principal provision made for the support and maintenance of the widow, the court construed the provisions of the will, directing that the five thousand dollars be paid to the widow within sixty days after the death of the testator, to be retained by her for her sole use and benefit during her life or widowhood, and requiring that sum to be paid to her without security.

The *Martin case, supra,* was relied on as controlling in the case of *Hill* v. *Godwin,* 114 Miss. 324, 75 So. 122, in which it was held that where a husband and wife make a joint will, providing that at the death of either the survivor is to have all the property of the other for life, or so long as he or she remained unmarried, with remainder to their children at the death or marriage of the survivor, on the death of the wife, the husband was entitled to the bequest without giving security for the protection of their children's interest, although the husband was giving away and squandering the property.

We do not think the case at bar is distinguishable from the case of *Hill* v. *Godwin, supra.* In fact, there is here no charge or showing of improvidence on the part of any of the legatees, or that there is any danger of the estate being wasted or squandered if and when the shares of the life tenants are turned over to them, as was the case in *Martin* v. *Martin* and *Hill* v. *Godwin, supra.* There is no express trust created by the will, and noth-

ing in the provisions thereof indicating an intention on the part of the testator to create a trust, either expressed or implied, for the benefit or protection of the remaindermen. The life tenants are the children of the testator, who, in the absence of some special circumstance, which does not here appear, would be the natural objects of the testator's bounty, in preference to the remaindermen, his grandchildren. The will provides that the personal property, choses in action, and money (not the interest or income thereof) shall be divided equally among his children, and that it *shall be retained* by them for and during their natural lives. The direction that the property be divided equally among testator's children and that it be retained by them during their life imports an intention that the share of each should be actually delivered to her or him, and that such life tenant should have the full use and benefit thereof without giving security for its absolute preservation. Considering the will as a whole, we think it shows an intention and a willingness on the part of the testator to trust his children, the life tenants, to preserve the estate and protect the interests of the remaindermen, without requiring from them security for the absolute preservation of the *corpus* of the estate for the benefit of such remaindermen.

The decree of the chancery court is in accordance with these views, and it is therefore affirmed.

*Affirmed.*