VAUGHN, EXECUTRIX, *v.* VAUGHN, et al.

No. 41398 March 7, 1960 118 So. 2d 620

*Gipson, Gipson & Wiley,* Meridian, for appellants.

*Wilbourn, Wilbourn & Lord, Gilbert & Cameron,* Meridian, for appellee.

ETHRIDGE, J.

This appeal from a decree of the Chancery Court of Lauderdale County involves the construction of a will, a joint tenancy in personalty, and certain restrictions placed by the chancellor upon the life tenant.

E. J. Vaughn died on January 13, 1958. He left surviving him his widow and second wife, the appellant, Mrs. Inez Pickett Vaughn, and three adult children by his first wife, the appellees. His will was duly probated and administered by the executrix named in it, his widow. He first bequeathed to his adult children $1,000 each. He devised to his wife a life estate in their residence, certain lands and personal property, with remainder in equal parts to his children. The will then stated: "I will, devise and bequeath unto my said wife the entire residue of my property of every kind, and any of same that is not consumed by her in her lifetime at her death to go to my said three children, share and share alike, or to the survivor, or survivors of them as the case may be . . ."

After administration, the executrix filed her final account. Appellees, testator's children by his first marriage, filed a petition for construction of the will, and objections to closing and disposition of estate and discharge of executrix. After a lengthy hearing, the chancery court held that a note and deed of trust executed by the Highland Baptist Church to Vaughn and wife, or the survivor of them, was the property of the estate rather than the widow. It held the residuary clause of the will vested in the widow a life estate in money and personalty, with remainder to the children, but, since testator intended her to use the residue for support, the trial court awarded her out of it the sum of $3,000 per year. For protection of the remaindermen, the court declined to close administration of the estate and to discharge the executrix, but kept it open under its supervision, although it approved the final account as amended. Mrs. Inez Pickett Vaughn appealed as executrix and individually. Two main issues are presented.

## I.

E. J. Vaughn was a building contractor. On May 2, 1954 the Highland Baptist Church approved a resolution

which recited that Vaughn had offered to construct a residence for the church and to loan it sufficient funds to complete the same, the loan to be payable in semi-annual installments of $500, over a period of five years, at four per cent interest; that the church accepted the offer, and its property trustees were authorized to enter into a written contract with Vaughn for such construction. When completed, the trustees were authorized to execute and deliver to Vaughn a promissory note in the amount of the loan made by him, and to deliver to him a deed of trust securing the note. Thereafter Vaughn advanced the money and completed the residence. Pursuant to this resolution, the church trustees on September 1, 1954 executed "to the order of E. J. Vaughn and (Mrs.) Inez Pickett Vaughn, or to the survivor of them'', a note in the sum of $15,000, and a deed of trust on the property, naming as beneficiary ''E. J. Vaughn and Mrs. Inez Pickett Vaughn, or the survivor of them.''

In her inventory and final account the executrix included this note and deed of trust as an asset of the estate. However, the executrix later filed a ''second amended final account'' in which she asserted that she, individually, was the owner of the note and deed of trust as the surviving joint tenant, and asked the court to so adjudicate. At the hearing no evidence was offered concerning these instruments. The chancery court held that the testator had not made a gift of the note and deed of trust to his wife, although it recognized that this was a ''very narrow question''.

Appellant asserts that she, individually, is the owner of the note and deed of trust as the surviving joint tenant. This involves two questions, first, whether the words used are sufficient to create a joint tenancy with the right of survivorship and not a tenancy in common. We think they are.

Miss. Code 1942, Sec. 834 does not apply to mortgages or to choses in action. Code Sec. 5205 is not applicable

to the present facts. It protects banks in paying out funds in joint accounts. Stewart v. Barksdale, 216 Miss. 760, 63 So. 2d 108 (1953). It creates a presumption that the deposits were of joint ownership with right of survivorship. Shearin v. Coleman, 201 Miss. 193, 28 So. 2d 841 (1949). The cases dealing with United States savings bonds are not pertinent, since they are controlled largely by Federal statutes and regulations. See Myers v. Laird, 230 Miss. 675, 93 So. 2d 828, 831 (1957).

■■ The distinguishing characteristic of a joint tenancy is the right of survivorship. A provision for survivorship is strong evidence that a joint tenancy is created. 48 C. J. S., Joint Tenancy, Sec. 3(d), page 919.

■■ In Wolfe v. Wolfe, 207 Miss. 480, 42 So. 2d 438 (1949), the deed conveyed a lot ''unto Willis Wolfe and Della Wolfe and the survivor of them.'' The court held this was an estate in joint tenancy; it was impossible to have the right of survivorship in an estate in common; and the parties expressly intended to create that right. The words used in *Wolfe* are substantially similar to those in the instant note and deed of trust. We think the reasons expressed in that case are sound and apply here. In brief, the note and deed of trust used words which create a joint tenancy with right of survivorship.

The remaining question is whether the delivery of these instruments by the church trustees to E. J. Vaughn, in whose possession they were at the time of his death, was sufficient to vest a right of joint tenancy in the appellant widow.

■■ Although there was no testimony to that effect, the fact that the note and deed of trust were made to Vaughn and his wife or the survivor of them renders it manifest that Vaughn must have requested the church trustees to execute the instruments in that way. He must have intended this type of joint tenancy with survivorship. Appellees argue there was no completed gift by delivery of these instruments from Vaughn to his

wife. The promissory note, for which the deed of trust was security, was a negotiable instrument. An instrument may be payable to the order of two or more payees jointly, and their survivor. 10 C. J. S., Bills and Notes, Sec. 128; 8 Am. Jur., Bills and Notes, Secs. 310, 311. The title and right to enforce payment vests in the surviving joint tenant by virtue of her survivorship. Ibid., Sec. 311; Ehrlich v. Mulligan, 104 N. J. L. 375, 140 A. 463, 57 A. L. R. 596 (1928); Anno. 57 A. L. R. 600 (1928).

 Moreover, the delivery of a note to one of two or more payees will operate as a delivery to all. 10 C. J. S., Bills and Notes, Sec. 78(e), p. 514; Spaulding v. First National Bank, 210 App. Div. 216, 205 N. Y. S. 492, affirmed, 239 N. Y. 586, 147 N. E. 206 (1924). Cf. Allen v. Tate, 58 Miss. 585 (1881); Anno., 64 A. L. R. 2d 8 (1959).

 In brief, we conclude that the delivery of the note and deed of trust to one of the joint payees, E. J. Vaughn, constituted also a constructive delivery of these instruments to the other payee, the wife. Vaughn held these instruments both for himself and for the joint payee, his wife. Upon his death, she, as the surviving joint tenant, became vested with full title to them. That part of the lower court's decree holding to the contrary is reversed, and title to the note and deed of trust are adjudged to be in Mrs. Vaughn.

## II.

 The quoted residuary clause in the will was correctly held by the chancery court to vest in Mrs. Vaughn a life estate with a limited or restricted power of disposition for her support and maintenance, and to vest a remainder in the three children, appellees.

The governing principles are summarized in 33 Am. Jur., Life Estates, Etc., Sec. 39: "Limitation Over of What Remains After Indefinite Gift Coupled with Limited or Qualified Power of Disposal. —It is a general rule,

followed by the courts with practical unanimity, that where there is a devise or bequest to one in general terms only, expressing neither fee nor life estate, and a subsequent limitation over of what remains at the taker's death, if there is also given to the taker an express or implied power of disposition which is not absolute, or is limited or restricted as to its exercise, the devise is construed to pass a life estate only. Thus, where A gives an estate to B, with the right to dispose of so much of it in his lifetime as he may need for his support, the balance if anything remains unexpended at B's death, to go to C, a life estate is created, although not by express words. The reasoning and theory underlying this rule are, in essence, that where a power of disposal is not an absolute power, but a qualified one, conditioned on some event or purpose, and there is a remainder or devise over, the words last used restrict and limit the words first used and have the force and efficacy to reduce a general or indefinite gift which was apparently a fee, to an estate for life only.''

This rule has been applied generally in cases involving wills of substantially the same purport where the power of disposal is for maintenance, comfort, benefit or support, or where the unconsumed portion is left to second takers. Ibid., Sec. 40; 1 A. L. I., Restatement of Property, Sec. 108; 96 C. J. S., Wills, Secs. 898, 897, 891, 885, 886; Anno., 17 A. L. R. 2d 7 (1951); 3 Page, Wills, (3d Ed. 1941) pp. 354-356.

In brief, Mrs. Vaughn has a life estate with a limited power to invade the corpus for her necessary support and maintenance, and appellees, the children, have a remainder estate. Somewhat analogous is Howell v. Howell, 157 Miss. 15, 127 So. 566 (1930), where a similar construction was adopted. Ordinarily a bequest of money for life with remainder over to another is a bequest of the interest derived from the money. However, in both *Howell* and the instant case the manifest inten-

tion of the testator was that the widow who is the life tenant should receive a resonable amount for her support and maintenance where the interest from the life estate is not sufficient for that purpose. Howell v. Howell, 157 Miss. at 25 also cites in support of that holding Hill v. Godwin, 114 Miss. 324, 75 So. 122 (1917), and Martin v. Martin, 69 Miss. 315, 13 So. 267 (1891). Cf., Old Ladies' Home Association v. Miller, 217 Miss. 187, 63 So. 2d 786 (1953); Cross v. O'Cavanagh, 198 Miss. 137, 21 So. 2d 473 (1945); Anno. 17 A. L. R. 2d 7 (1951).

Since Mrs. Vaughn received under the residue clause a life estate with limited power of disposition, and remainder went to testator's children, the chancery court was warranted, with the evidence before it, in keeping open administration of the estate for the protection of the remaindermen, and fixing an allowance out of the estate for the support of the widow at $3,000 per year. The trial court concluded this was essential in order to protect the interest of the remaindermen. It directed the executrix to keep the funds of the estate separate from her individual property and money. It found no necessity at the time for the execution by the life tenant of a bond.

 It is well established that a court of equity has power to appoint a trustee to preserve, manage and control personal property of a nontrust life estate or to direct the executor to retain such property substantially as the trustee. Anno., 46 A. L. R. 2d 502 (1956). This may be done where there is danger of loss or destruction of the property, particularly money or personalty, or of waste or injury to the interests of the remaindermen. 33 Am. Jur., Life Estates, Secs. 225-230. Where the power of disposal or consumption by the life tenant is limited or restricted, as for support or maintenance, the court may, in its sound discretion, require security by the life tenant. Ibid., Sec. 229; Sims v. Frith, 225 Miss. 311, 83 So. 2d 93 (1955); Howell v. Howell, 157 Miss. 15, 25, 127 So. 566 (1930).

■■ The evidence reflected the existence of a complete estrangement between Mrs. Vaughn and her stepchildrn, the appellees. It was properly admitted, although some of it was of dubious probative value. ■■

■ Without reviewing the facts which the chancellor was warranted in finding under the circumstances, he was justified in concluding that there was danger of a dissipation or waste of the life estate to the injury of the remaindermen, ■■ ■ and in keeping the estate open for the executrix-widow to retain such property substantially as a trustee, under the supervision of the court. Anno., 46 A. L. R. 2d 502 (1956); see also Annos. 14 A. L. R. 1066 (1921), 101 A. L. R. 271 (1935), and 138 A. L. R. 440 (1942).

We find no error in the trial court's sustaining the exception to that part of the final account pertaining to an automobile insurance premium. Howell v. Howell, *supra.*

In summary, the decree of the chancery court is reversed in part, insofar as it holds that the note and deed of trust of the Highland Baptist Church are the property of the estate and not of Mrs. Vaughn, and judgment is rendered here adjudicating that these instruments are the individual property of the appellant-widow as the surviving joint tenant. In its construction of the will and refusal to close the estate, and in all other respects except that hereinabove stated, the decree is affirmed.

Affirmed in part, and in part reversed and judgment rendered here.

All Justices concur, except *Roberds, J.,* who took no part.