GRIFFIS, J., for the Court.
¶ 1. Marlene Harrell filed a petition with the Amite County Chancery Court that requested that the contents of a safe-deposit box which she opened with her daughter be distributed to her and not be included in her daughter’s estate. The chancery court granted the petition. The administrator of her daughter’s estate appeals and argues that the chancellor erred in granting the petition distributing the contents of the safe-deposit box to Harrell. We find no error and affirm.
FACTS
¶ 2. On October 5, 2005, Harrell and her daughter, Marsha Paulette Foreman Grover (“Paulette”), executed a safe-deposit-box lease with First Bank in Liberty, Mississippi. The lease was witnessed by a bank employee. The lease agreement stated, in part:
*443 JOINT TENANCY
In addition to agreeing to the foregoing provisions of safe deposit box lease which ai’e hereby made a part of this paragraph, the undersigned agree that each, or either of them is joint owner of the present and future contents of said box and said Bank is hereby authorized to permit access to said box by either of the undersigned and that in the event of the death of either of the undersigned the survivor shall have the right to withdraw said contents and upon said withdrawal said Bank shall be automatically relieved of any further obligation or responsibility to the heirs, legatees, devi-sees or legal representatives of the deceased.
¶ 3. After opening the safe-deposit box with Paulette, Harrell deposited $17,000 in the box. Harrell was the only person to access the box. Paulette never deposited any cash or any other contents in the box.
¶ 4. One year later, Paulette was shot and killed by her husband, Michael D. Grover. An estate was opened, and Roger Simmons was appointed the estate’s administrator. Simmons is the adoptive father of Matthew Jordan Simmons, Paulette’s son and sole heir-at-law.
¶ 5. Harrell filed a petition in the chancery court to have the contents of the safe-deposit box excluded from Paulette’s estate. The chancellor held that the contents of the safe-deposit box were the sole property of Harrell and were not part of Paulette’s estate.
¶ 6. The chancellor found the language of the lease ambiguous as to whether a survivorship right was created. Thus, she based her decision on parol evidence introduced at a hearing that clearly established that Harrell was the only person to access the box. The entire amount of the cash contained in the box was deposited by Harrell. However, we find it unnecessary to consider this extrinsic evidence because, upon our de novo review, we find that the terms of the contract unambiguously created a joint tenancy with a right of survivor-ship. As parol evidence is only allowed to aid in the interpretation of ambiguous contract language, we need not consider it here. See Thornhill v. Chapman, 748 So.2d 819, 823(¶ 13) (Miss.Ct.App.1999) (citations omitted).
¶ 7. Despite the chancellor’s reliance on extrinsic evidence, the result we now reach is the same. As such, we affirm the chancellor’s ruling but on different grounds, which we further discuss in this opinion. See Sanderson Farms, Inc. v. Gatlin, 848 So.2d 828, 843(¶ 44) (Miss.2003) (holding that a decision may be affirmed “on appeal for a different reason than it was decided by the lower court”).
STANDARD OF REVIEW
¶ 8. “The findings of a chancellor will not be disturbed when supported by substantial evidence unless there was manifest error or a[n] improper legal standard was applied.” In re Estate of Temple, 780 So.2d 639, 642(¶15) (Miss.2001) (citation omitted). However, an appellate court conducts a de novo review on any question of law. In re Admin. of the Estate of Abernathy, 778 So.2d 123, 127(¶ 13) (Miss.2001) (citation omitted). “[T]he issue of whether a joint tenancy was created with regards to a rental agreement raises a question of law.” Id. at (¶ 14). Therefore, it will be reviewed de novo.
ANALYSIS

Whether the safe-deposit-box lease created a. joint tenancy with a right of sur-vivorship.

¶ 9. Simmons contends the safe-deposit-box lease did not create a joint ten *444 ancy with a right of survivorship because the agreement merely established joint ownership in the contents and provided the survivor access to the box, but it created no right of survivorship. Thus, Simmons argues that Paulette rightfully owned one-half of the contents of the box such that her share should pass through her estate to Matthew, Paulette’s sole heir-at-law. Harrell responds that the lease created a joint tenancy with the right of survivorship based on the plain language of the contract.
¶ 10. To determine whether a joint tenancy was created, we begin by reviewing the language of the agreement pursuant to the four-corners rule of contract construction. In re Estate of Harris, 840 So.2d 742, 745(¶ 15) (Miss.Ct.App.2003) (citation omitted). “If the language used in the contract is clear and unambiguous, the intent of the contract must be realized.” Id.
¶ 11. The supreme court has held “that where a joint tenancy has been created by a clear and unambiguous agreement, and where thei’e is no evidence to dispute that agreement, this Court will hold that a true joint tenancy exists with respect to the contents of a safe deposit box.” Abernathy, 778 So.2d at 128-29(¶ 24) (citing Duling v. Duling’s Estate, 211 Miss. 465, 479, 52 So.2d 39, 45 (1951)). Furthermore, “the distinguishing characteristic of a joint tenancy is the right of survivorship.” Id. at 129(¶24) (citing Vaughn v. Vaughn, 238 Miss. 342, 349, 118 So.2d 620, 622 (1960)). Where safe-deposit boxes are concerned, survivorship rights must be fastened to the contents of the box. Id. (citing Duling, 211 Miss. at 479, 52 So.2d at 45).
¶ 12. The supreme court addressed the issue of creating a joint tenancy in a safe-deposit box in Abernathy. There, a patient added his nurse to a safe-deposit-box agreement. Abernathy, 778 So.2d at 128(¶ 23). However, the contract stated that “if the Lessee consists of two or more persons as Joint-Tenants, it is acknowledged and agreed that said Joint-Tenancy is created and exists solely with respect to the use and occupancy of the herein described safe deposit box, and does not extend to, nor attempt to create an interest in, the contents of said safe deposit box.” Id. at 129(1126) (emphasis added). The supreme court held this contract clearly and unambiguously did not create a joint tenancy in the contents of the box, since the key feature of a joint tenancy is the right of survivorship. Id. at 129-30(¶ 28). While the contract did use the term “joint tenancy,” the court found this to be a mistake since the contract specifically stated that it did not create an interest in the contents of the box. Id. at 130(1129).
¶ 13. Abernathy is distinguishable from the instant case because the contract here does not contain an express provision excluding the contents of the box from the interest created. Again, we quote the pertinent language of the agreement:
the undersigned agree that each, or either of them is joint owner of the present and future contents of said box and said Bank is hereby authorized to permit access to said box by either of the undersigned and that in the event of the death of either of the undersigned, the survivor shall have the nght to withdraw said contents ....
(Emphasis added). Here, the contract expressly stated that both Harrell and Paulette were “joint owner[s] of the present and future contents of said box.” The contract created an ownership interest in the $17,000. Further, the language gives the surviving joint owner, in this case Harrell, the right to withdraw the contents. Thus, we find that the plain language of the lease agreement unambiguously created a joint tenancy with the right of surviv- *445 orship. There is no indication in the lease agreement, as there was in Abernathy, that would evidence any other intention than to create a joint tenancy with right of survivorship as to the contents of the box.
¶ 14. Simmons argues, and the dissent concludes, that the “right to withdraw” language merely refers to the right to access the contents and does not create survivorship rights. We disagree. The lease clearly made both parties a “joint owner” of the $17,000, in addition to granting access to the contents, and provided the survivor with the right to withdraw the entirety of the contents. We find that the safe-cleposit-box lease created a joint tenancy with the right of survivorship; thus, Paulette’s share of the $17,000 passes to Harrell as the surviving joint tenant and should not be included in Paulette’s estate. Accordingly, this issue has no merit.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF AMITE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., CONCURS IN THE RESULT ONLY. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.